**Roy Vandever, Appellant,**

v.

**The Navajo Nation Ethics
and Rules Office, Appellee.**
**Decided October 20, 1998**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Steven Boos, Esq., Chief Legislative Counsel, Office of Legislative Counsel, Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by AUSTIN, Associate Justice.

The issue is whether this Court has jurisdiction to review a final decision of the Ethics and Rules Committee which found that a Navajo Nation Council delegate had violated the Navajo Nation Ethics in Government Law. We hold that this Court does not have jurisdiction to review such a decision.

### I

After a hearing, the Ethics and Rules Committee of the Navajo Nation Council ("Committee") found that Council Delegate Roy Vandever ("Appellant") had committed multiple violations of section 3753 of the Navajo Nation Ethics in Government Law, 2 N.N.C. §§ 3741-3793 (1995 ed.). The Committee found the Appellant guilty of commingling Baca Chapter funds with his own and spending them without chapter authorization. The Committee's recommended sanctions to the Navajo Nation Council included payment of restitution and disqualification from holding public office for five years. In addition, the Appellant was ordered to forfeit his council delegate position immediately. The Council confirmed the recommended sanctions, including the removal from office, on July 24, 1998. Navajo Nation Council Res. No. CJY-68-98. The Appellant appealed the Committee's decision to this Court on July 28, 1998. On August 3, 1998, the Navajo Nation Ethics and Rules Office ("Appellee") filed a motion to dismiss this appeal, claiming that this Court lacked jurisdiction to review the Committee's decision.

# II

This Court's jurisdiction is "fixed, limited and expanded" only through proper lawmaking of the Navajo Nation Council. *Nez v. Bradley*, 3 Nav. R. 126 (1982). The statutes granting this Court appellate jurisdiction are sections 302 and 801 of Title 7. Both sections give this Court appellate jurisdiction over final decisions of the Navajo Nation trial courts "and such other final administrative orders as provided by law." 7 N.N.C. §§ 302, 801 (1995 ed.). Thus, we can give an agency's final decision appellate review if a statute permits it. *Navajo Nation Division of Resources v. Spencer*, 5 Nav. R. 109, 112 (1986). For example, in *PC&M Constr. Co. v. Navajo Nation and Navajo Dept. of Financial Services*, 7 Nav. R. 58 (1993), we held that 12 N.N.C. § 1509 granted this Court appellate jurisdiction, and after finding jurisdiction, we reviewed the case on the merits. See *PC&M Constr. Co. v. Navajo Nation and Navajo Dept. of Financial Services*, 7 Nav. R. 96 (1994).

The final orders of the Committee are agency decisions. 2 N.N.C. § 3770(A) (1995 ed.). In this case, the Appellant argues that section 3780(C) of the Navajo Nation Ethics in Government Law grants this Court jurisdiction to review the Committee's final order. The section the Appellant relies on states as follows:

> No sanctions or penalty provided herein shall limit any other powers of the Navajo Nation Council, Navajo Nation Courts, Judicial, Executive or Legislative Branches of the Navajo Nation, nor of any other entity or administrative officials or employees under other applicable law, rules, regulations or procedures.

2 N.N.C. § 3780(C) (1995 ed.).

We do not agree with the Appellant. This section does not explicitly grant this Court jurisdiction. Since the Supreme Court is a court of limited jurisdiction, *Chuska Energy Co. v. The Navajo Tax Comm'n*, 5 Nav. R. 98, 99 (1986), any statutory grant of jurisdictional power should be explicit. Section 3780(C) says nothing about appellate jurisdiction. The section appears to reserve to the Navajo Nation authority to bring multiple actions, including criminal and civil actions, in the courts and other tribunals against officials who violate Navajo Nation law. We hold that section 3780(C) does not give this Court appellate jurisdiction over final decisions of the Ethics and Rules Committee finding Navajo Nation council delegates in violation of the Ethics in Government Law.

The Appellant next argues that if he is not permitted to appeal the Committee's decision to this Court, he will be denied due process of law as guaranteed by Navajo common law and the Navajo Bill of Rights, 1 N.N.C. § 3 (1995 ed.). We do not agree. The due process provision in the Navajo Bill of Rights is not a statute which gives this Court its appellate jurisdiction. Furthermore, we are not aware of any Navajo common law, whether written or not, that gives this Court its appellate jurisdiction. The Appellant has not identified one for this

Court either.

Any due process rights attendant to removing an elected official depend upon a showing of an adversely affected life, liberty or property interest. *In the Matter of Certified Questions II, No. WR-CV-99-89, The Navajo Nation v. MacDonald,* 6 Nav. R. 105, 118-119 (1989). No life or liberty interests are implicated in the Appellant's case. Likewise, elected officials have no property interest in their elective office. *In re Removal of Katenay,* 6 Nav. R. 81, 85 (1989). Thus, fundamental rights are not implicated by the removal of an elected official from office.

Any due process rights that an elected official is entitled to are limited to those found in the statutory scheme governing the removal procedure. *Katenay, id.* Nonetheless, because we find that we do not have jurisdiction to review the Committee's decision, this Court is not the proper forum for the Appellant to raise the due process claim and the Appellee's counter-argument that the Navajo Nation Council's decision is final and not subject to further review.

The Appellant also argues that employees, appointed officials, and some elected officials are permitted by statute, 2 N.N.C. § 3771 (1995 ed.), to appeal the Committee's final decisions involving the ethics law to the Navajo Nation district courts, while he, also an elected official, is prohibited by another statute, 2 N.N.C. § 3772 (1995 ed.), from seeking review in any Navajo Nation court. The Appellant claims section 3772 denies his right to equal protection of the law as guaranteed by the Navajo Bill of Rights, 1 N.N.C. § 3. The relevant part of section 3771 states as follows:

> A. The District Courts of the Navajo Nation shall have jurisdiction to hear appeals from final decisions of the Committee involving those employees and officials other than those mentioned in § 3772. Appeals to the District Court shall be limited to questions of law.

2 N.N.C. § 3771. The other statute reads as follows:

> In any complaint where the accused is the President, Vice-President, Chief Justice, or other judges of the Navajo Nation, chapter official or a Council Delegate, the Ethics and Rules Committee, upon completion of the administrative hearing, shall deliberate in executive session and by resolution render its findings of facts, conclusions of law and recommendations for sanction. Said findings, conclusions and recommendations shall be forwarded to the Navajo Nation Council during its next regular or special session for final determination of sanction.

2 N.N.C. § 3772.

We decline to address this issue because, like the due process claim, this Court is not the proper forum for raising it. The issue very likely will require testimony, fact finding, examination of Navajo cultural values and other factors. This Court is not equipped to act as a trial court.

## III

In conclusion, this is not the place or time to rule upon the Appellee's contention that there is absolute finality in a situation such as this or whether a Navajo Nation council delegate has no redress if his or her rights to due process of law, equal protection or other rights guaranteed by the Navajo Bill of Rights are implicated. We simply hold that this Court has no jurisdiction to hear this appeal. The issues of finality and remedies under the Navajo Bill of Rights should be resolved in a different Navajo Nation forum, using different theories and remedies. Accordingly, the motion to dismiss this appeal is granted.